IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

HARTWELL FIRST UNITED
METHODIST CHURCH, INC.

    Plaintiff,

v.

HARTWELL RAILROAD COMPANY
F/K/A HARTWELL RAILWAY, AND
GREAT WALTON RAILROAD
COMPANY,

    Defendants

CASE NO. 3:16-CV-169
Removed from the Superior Court of
Hart County, Georgia
Case No. 16HV00611M

## MOTION OF HARTWELL FIRST UNITED METHODIST CHURCH
## FOR REMAND TO STATE COURT

Hartwell First United Methodist Church ("Church" or "Plaintiff") hereby moves, pursuant to 28 U.S.C. §1447(c), to have the Court find that this case has been improperly removed from the Superior Court of Hart County, Georgia ("Superior Court"), and order that the case be remanded back to Superior Court. In support of its Motion, the Church states as follows:

1. On November 28, 2016, the Church filed a Petition for Declaratory Judgment for Injunctive Relief (the "Petition") in the Superior Court of Hart County, Georgia, docketed as Case No. 16HV00611M. A copy of the Petition is attached as Exhibit 1 to the Notice of Removal filed by the defendants Hartwell Railroad Company f/k/a Hartwell Railway, and The Great Walton Railroad Company (together, the "Railroads" or "Defendants") on December 23, 2016.

2. The Petition seeks a declaration that the Railroads do not have any property interests outside of a twenty-foot right of way that was condemned by their predecessors in 1880 (and confirmed by a survey conducted by the Office of Special Engineer dated June 30, 2016, recorded in Hart County pursuant to the 2008 Act of the Georgia Assembly, OCGA §44-5-167),

and that the Railroads were wrongfully constructing a spur track on the property of the Church outside of that twenty-foot right of way.

3. The Petition also seeks an injunction to prevent the Railroads from doing any work on Church property outside of the twenty-foot right of way.

4. Following a hearing, the Superior Court entered an injunction against the Railroads from continuing to construct a spur track on the Church's property. A copy of the Order is attached as Exhibit 2 to the Notice of Removal.

5. The Petition relies upon well-established state law property rights and does not rely upon any federal regulations or statues to support the claims set forth therein.

6. Under the "well-pleaded complaint" rule, federal court jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.

7. In the Notice of Removal, the Railroads claim that since railroads and railroad tracks are involved, the relief requested should be subject to the exclusive jurisdiction of the Surface Transportation Board ("STB").

8. Merely alleging that the Defendants are subject to federal regulations does not support removal to federal court.

9. Defendants have misrepresented the facts, and the relief requested in order to fall within federal preemption. In particular:

    a. The Railroads were not rehabilitating or repairing a track on the Church's property; they were constructing a new track generally in a location where a former spur track had been voluntarily removed and abandoned by the Railroads in 2008, as they were permitted to do under 49 U.S.C. §10906 (no STB authorization is needed for the abandonment of spur, industrial and

other ancillary tracks). Research has not uncovered any documents related to the original construction of the spur outside of the twenty foot right of way on what is now the Church's property.

    b.    There is only one track of the Railroads that lawfully crosses the Church's property, and that is the Railroads' main line track that is located within the twenty-foot right of way condemned by the predecessors of the Railroads in 1880; however, the Railroads (and their predecessors) have not operated or engaged in commerce over this segment of their main line track for over 15 years.

    c.    The Railroads do not have any property interest outside of the twenty-foot right of way, and no authority to construct track on property in which they do not have an interest.

    d.    The Church has not sought in its Petition to enjoin the Railroads in the conduct of their business, i.e., operations or work on their main line track or within the Railroads' acknowledged twenty foot right of way.

    e.    The Church filed a notice with the STB giving notice that it intends to seek authority from the STB to require the Railroads to abandon their main line track and right of way that bisect the Church's property. The Church has delayed its filing due to the current litigation.

10.    The mere existence of a federal defense, including a defense of preemption, is not a proper basis for removal. Federal preemption is a defense that can be addressed by the state court.

11. This is not a case of complete preemption that is an exception to the well-pleaded complaint rule.

12. Additionally, Plaintiff denies that preemption applies at all in this proceeding as it involves rights to property over which a spur or industrial track was voluntarily removed and abandoned by the Railroads in October 2008, and over which the STB has no jurisdiction.

13. Since no federal question is involved under 28 U.S.C. §1331, this Court is without original jurisdiction over the claims set forth in the Petition.

14. The removing party has the burden of showing that removal was proper, and that the action is properly before the Court. Section 1441(a), 28 U.S.C. 1441(a), should be narrowly construed, and any uncertainties should be resolved in favor of remand.

15. Since removal was improper, this case should be remanded to the Superior Court of Hart County, Georgia.

16. Pursuant to 28 U.S.C. §1447(c), costs and fees should be imposed upon the Defendants due to the improper removal.

WHEREFORE, the Plaintiff Hartwell First United Methodist Church requests that the Court (a) remand this matter to the Superior Court in Hart County, Georgia, for further proceedings, and (b) impose costs and fees upon the Defendants.

Respectfully submitted,

/s/ Walter James Gordon, Sr.
Walter James Gordon, Sr.
State Bar of Georgia #302488
The Gordon Law Firm
PO Box 870
415 East Howell Street
Hartwell, Georgia 30643
706.376.5418

Attorney for Plaintiff Hartwell First United Methodist Church

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January, 2017, a copy of the foregoing Motion for Remand was served via ECF on the following:

Matthew D. Williams
Matthew D. Williams & Associates, LLC
2215 Pilgrim Mill Circle
Cumming, GA 30041

        /s/ Walter James Gordon, Sr.
Walter James Gordon, Sr.
State Bar of Georgia #302488
The Gordon Law Firm
PO Box 870
415 East Howell Street
Hartwell, Georgia 30643
706.376.5418

Attorney for Plaintiff Hartwell First United Methodist Church