IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **HARTWELL FIRST UNITED** | * | |
| **METHODIST CHURCH, INC.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | CASE NO. 3:16-CV-169CDL |
| | * | |
| **HARTWELL RAILROAD COMPANY,** | * | |
| **F/K/A HARTWELL RAILWAY, AND** | * | |
| **GREAT WALTON RAILROAD** | * | |
| **COMPANY,** | * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISSOLVE INJUNCTION**

COMES NOW, Plaintiff Hartwell First United Methodist Church, Inc., and files this Response to Defendants' Motion to Dissolve Injunction.

**To avoid confusion, hereafter the track which is the focus of this case will be called the "Church track." The later extension of the Church track to the east of Webb Street will be referred to as the "Clinkscales industrial track," and the main railroad track which occupies a 20 foot right of way (and which is not the subject of this case) just south of the Church track will simply be called the "main line." This nomenclature is used in an effort to keep all parties on the right track.**

Whether intentionally or not, Defendants' Motion to Dissolve contains significant mistakes of fact. As a preface, the Plaintiff responds as follows to the Motion using the numbered paragraphs of the Motion:

- 1 -

205434306.2

**1.**

The facts stated in Paragraph 1 are generally admitted. By way of further response, while the Defendants may have authority from the ICC to operate the Hartwell to Bowersville main line, it is denied that the Defendants are conducting any commercial business over any of the tracks in the vicinity of the Plaintiff's property, or that they operated over any of them in the past 20 years. Further, the Church track was removed by Defendants in 2008 and no longer exists (except for Defendants' recent unlawful construction).

**2.**

Paragraph 2 of Defendants' Motion is denied.

**3.**

Responding to Paragraph 3, the Plaintiff shows that the Church track is and was constructed almost entirely on property now owned by Plaintiff. Defendants have sought to significantly expand beyond their acknowledged right of way of the main line, which occupies a 20 foot wide right of way taken by condemnation in 1880 (Hart County Deed Records, Book D, Page 763-765) and which is clearly shown on the Valuation Map of 1916 as being 10 feet on each side of the center line of the main line. An enlarged copy of the relevant portion of the Valuation Map of 1916 is attached as Exhibit A. The full map appears in the case record as Exhibit B to Plaintiff's Complaint, which appears in this record in its entirety as Exhibit 1 to Defendants' Notice of Removal (Ct Doc 1 attachment). Plaintiff denies that the Church track "was joined with a spur that extended from the eastern side of Webb Street," and shows that Defendants have no right of way on the eastern side of Webb Street other than a 12 foot wide right of way granted by M.M. Richardson in 1880 (Hart County Deed Records, Book D, Page 761) occupied by the main line. Plaintiff further shows that the original Church track was later connected to another spur or private

industrial track owned and maintained by R.P. Clinkscales, by contract dated June 28, 1919[1] (the Clinkscales industrial track), and that Defendants have never owned any right of way on the block east of Webb Street outside of the 12 feet underlying their main line. This 12 foot wide right of way occupied by the main line is also shown on the Valuation Map of 1916.

**4.**

In response to Paragraph 4, the Plaintiff admits only that the Church track was taken out of service by Defendant Hartwell Railroad in October 2008. By way of further response, Defendant not only took the Church track out of service, but also removed the track and relinquished any right to use the underlying property. Plaintiff denies that Defendants took any action between October 2008 and November 23, 2017 consistent with continued use of the Church track or the Clinkscales industrial track, or that Defendants gave any indication that they intended to preserve their rights, if any, to future reactivation. Plaintiff further denies acknowledging Defendants' "rights" to return the Church track to service.

**5.**

In response to Paragraph 5, Plaintiff admits only the receipt of letters from Defendants dated August 24 and October 21. Plaintiff contends that Defendants' effort was brought about by Plaintiff's Notice of Intent to file with the Surface Transportation Board for adverse abandonment of the main line. Notably, the Defendants' disruptive work on Church property began immediately after the final notice of intent (as required by STB) was published in Hart County's legal organ.

---

[1] The 1919 Contract appears in the Court record as Exhibit A to Plaintiff's Motion to Remand (Ct Doc 5-1, Pages 9-13), and also as an attachment to Defendants' Motion to Dissolve (Ct Doc 8.2)

- 3 -

205434306.2

**6.**

In response to Paragraph 6, Plaintiff admits only that Defendants entered Church property and began to construct a new track on the former location of the Church track beginning on November 23rd (the Wednesday before November Federal and State holidays began).

**7.**

In response to Paragraph 7, the Plaintiff admits filing this action November 28, 2017 in the Superior Court of Hart County. The filing followed several futile attempts by Plaintiff to persuade Defendants to voluntarily delay construction pending resolution of the underlying land ownership. The Defendants were promptly served with Plaintiff's Complaint, and defense counsel was personally notified of the hearing on injunctive relief. Defendants' agent attended the hearing together with Defendants' counsel. In the two and one half (2 ½) hour hearing before Judge Malcom, Defendants' counsel thoroughly cross examined Plaintiff's witness, reviewed Plaintiff's exhibits, filed exhibits on Defendants' behalf, and made a forceful argument to the Court. At the conclusion of the hearing, the Court granted Plaintiff's request for an injunction which halted work on the Church track and made findings of fact that "there is a substantial likelihood that Plaintiff will prevail at trial," and that Defendants' acts posed "a substantial threat of irreparable injury to Plaintiff's property," being "of a continuing nature for which no legal remedy is sufficient." (Hart Superior Court Order dated November 28, 2016, which appears in the case record as Exhibit 2 attached to Defendants' Notice of Removal). Defendants' main line was not affected.

**8.**

Paragraph 8 of Defendants' Motion is denied, and Plaintiff shows that Defendants have not used the Church track for interstate commerce, or any other commercial purposes, in more than 20 years. By way of further response, Plaintiff shows Defendants have not used the adjacent main

line for interstate commerce in more than 20 years. The only commercial use has been the lease of the right of way for non-rail purposes.

**9.**

Paragraph 9 is a legal conclusion and therefore denied. By way of further response, the Church track was not a part of Defendants' main track line. Further, the Church track was voluntarily removed by Defendants and the property abandoned. The Church's property is not subject to the jurisdiction of the Surface Transportation Board.

**10.**

In response to Paragraph 10, the Plaintiff shows that it has filed a Notice of Intention to seek adverse abandonment of the Defendants' main line which bisects Church property. Neither the Church track nor the Clinkscales industrial track are or were ever main line track or part of Defendants' main line. The Plaintiff intends to move forward with the Surface Transportation Board proceeding on the main line. This case and the Surface Transportation Board proceedings are quite different matters despite the identity of the parties.

**11.**

Paragraph 11 is denied.

**12.**

Paragraph 12 is denied.

WHEREFORE, Plaintiff prays:

(a) That Defendants' Motion to Dissolve Injunction be dismissed, or in the alternative, that the relief requested therein be denied;

(b) That Plaintiff be awarded attorney's fees and expense of litigation; and

(c) For other relief as this Court deems proper and just.

Respectfully submitted,

　　/s/ Walter James Gordon, Sr.　　
WALTER JAMES GORDON, SR.
State Bar No. 302488

Counsel for Plaintiff
THE GORDON LAW FIRM
Post Office Box 870
Hartwell, Georgia 30643
(706) 376-5418
(706) 376-5416 fax

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2017, a copy of the foregoing Plaintiff's Response to Defendants' Motion to Dissolve Injunction was served via ECF on the following:

Matthew D. Williams
Matthew D. Williams & Associates, LLC
2215 Pilgrim Mill Circle
Cumming, GA 30041

                                                /s/ Walter James Gordon, Sr.
                                                Walter James Gordon, Sr.
                                                State Bar No. 302488
                                                The Gordon Law Firm
                                                PO Box 870
                                                415 East Howell Street
                                                Hartwell, Georgia 30643
                                                706.376.5418

                                                Attorney for Plaintiff Hartwell First United Methodist Church, Inc.