```
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF GEORGIA
 2                          ATHENS DIVISION
     _____
 3
     HARTWELL FIRST UNITED           :   Case No. 3:16-CV-169(CDL)
 4   METHODIST CHURCH, INC.          :
               PLAINTIFF             :
 5                                   :         February 9, 2017
                                     :
 6   HARTWELL RAILROAD COMPANY,      :         Athens, Georgia
     INC., GREAT WALTON RAILROAD     :
 7   COMPANY & HARTWELL RAILROAD     :
     COMPANY, INC.                   :
 8             DEFENDANTS            :
     _____
 9

10                     TRANSCRIPT OF EXCERPT OF
                    JUDGE'S INSTRUCTIONS TO COUNSEL
11
                    BEFORE THE HONORABLE CLAY D. LAND,
12              UNITED STATES DISTRICT JUDGE PRESIDING

13

14   APPEARANCES:

15   FOR THE PLAINTIFF:            WALTER JAMES GORDON, SR.
                                   P.O. BOX 870
16                                 HARTWELL, GA 30643
                                   776-376-5418
17
     FOR THE DEFENDANTS:           MATTHEW D. WILLIAMS
18                                 2215 PILGRIM MILL CIRCLE
                                   CUMMING, GA 30041
19                                 770-815-9331

20

21

22   _____

23                    TAMMY W. DIROCCO, USCR
                          P.O. BOX 539
24                     MACON, GA 31202-0539
                         (478-752-3497)
25
```

1            THE COURT:  All right.  This is what I want you to
2    do.  I would like to receive, from both sides, a written
3    closing argument on the issue of jurisdiction based on what
4    came out today.  If you don't think anything today is any
5    different than what your previous briefs were, then, I guess
6    you can just submit those.  But rather than taking oral closing
7    argument on this, I would rather have it in writing so that I
8    can -- when you give your oral closing argument I can only hear
9    it once, if you do it in writing I can read it twice if I don't
10   understand it the first go around.
11           So what is a reasonable time that you think you can
12   -- I mean, I would think now that it's fresh on your mind is 14
13   days reasonable for you to get that to me or not?
14           MR. WILLIAMS:  Are you going to want record citations
15   and that kind of thing?
16           THE COURT:  No.  Not -- if you can reference it by
17   description.  I'm not going to necessarily need you to go tell
18   me what exhibit number it is.
19           MR. GORDON:  And there won't be record cites to a
20   transcript?
21           THE COURT:  No.  I don't think I need that.
22           MR. GORDON:  In that event, I think I can do ours in
23   14 days.
24           THE COURT:  If we do a transcript and all of that
25   it's going to be a month.  I'd rather just -- what I want is in

1   the nature of what you would give here -- if I gave you a
2   chance to do an oral closing argument here in about 15 minutes,
3   I'd like for you to put that down for me in writing.  It just
4   hits the high points and on the jurisdiction issue.  Because it
5   seems to me that if I find complete preemption then the STB is
6   going to decide a lot of these issues that we have discussed
7   today.  If I don't find complete preemption, then, the Superior
8   Court Judge is going to decide these issues.  So I've got to
9   resolve which factual disputes I need to decide to determine
10  whether there is complete preemption or not.
11          And one of the things that I'm interested in the
12  closing arguments focusing on is there appears to be -- as I
13  understand the Plaintiff's position, the Plaintiff takes the
14  position that the railroad company is trespassing in the area
15  of what the railroad calls the runaround track because that
16  property is not on railroad property and is not within the
17  20-foot right-of-way.  That is the Plaintiff's position.
18          The question for preemption purposes is whether that
19  kind of a dispute is one that should be decided by the
20  Transportation Board or whether or not that is something that
21  needs to be decided by the State Court Judge.
22          And, then, I guess the second question is, even if
23  the Court were to find that the property -- that the
24  right-of-way extended to include the runaround, the question
25  would be whether that is a main line type track that would be

```
 1  subject to federal jurisdiction, the STB jurisdiction, or
 2  whether it's a spur, a private spur.  It seems to me --
 3          MR. WILLIAMS:  Can you say that for me one more time,
 4  please, Judge.
 5          THE COURT:  It seems to me that there's two issues.
 6  One is this title issue and, then, the second is the issue
 7  whether the nature of the track, if that is dispositive of the
 8  Plaintiff's trespass claim, whether those issues are issues
 9  that need to be decided by the STB or not.  I can see it being
10  there being a difference for preemption purposes as to whether
11  this is a title type case, an issue of who owns the title to
12  the property, or whether this is a case that depends upon what
13  at one time was a track that was not regulated by the STB
14  because it was not a main line track or it was not essential to
15  the movement of freight in interstate commerce.  That seems
16  like to me that the Plaintiffs have got an uphill argument on
17  that because it looks like at some point in time this was
18  converted to a runaround, which arguably would be the type of
19  track that there would be federal jurisdiction.  But the
20  wrinkle here is if that runaround is built on church property
21  would they never the less have a trespass claim for you
22  operating a track on what, in effect, is their property?  Does
23  that make a difference and is that something that the STB is
24  going to decide or is that something that the state court
25  decides?  But maybe I have missed it, but it seems to me those
```

```
 1   are the two significant issues here for jurisdiction purposes.
 2              So I would like for those issues to be addressed in
 3   the supplemental brief.  That is your argument, correct,
 4   Mr. Gordon?
 5              MR. GORDON:  Yes.
 6              THE COURT:  That first of all they have got the track
 7   on your land?
 8              MR. GORDON:  Yes, sir.
 9              THE COURT:  So they shouldn't trespass regardless of
10   whether or not you have any right to interfere with what's
11   within the 20-foot easement?
12              MR. GORDON:  Correct.  And we haven't --
13              THE COURT:  Is your argument -- what if they have
14   acquired -- if they have acquired -- let's say that the
15   runaround runs on your property, that they have acquired it by
16   prescriptive use, what is your alternative argument?  That the
17   type of track is not the type of track -- is the type of track
18   that can be abandoned without going through the STB?
19              MR. GORDON:  Yes.  We believe that --
20              THE COURT:  And they have done so?
21              MR. GORDON:  That is correct.  We believe that this
22   is the type of track that does not require STB approval to be
23   abandoned and we believe that the voluntary abandonment or the
24   taking up of the rails over eight years ago defeats any
25   prescriptive claim or other adverse possession interest that
```

1  they might have otherwise acquired because it is not
2  continuous.
3          THE COURT:  But the real question for me is whether I
4  even decide that or whether that's the type of issue that
5  should be decided on remand by the Superior Court.  I don't
6  know that I would ever decide the prescription issue.
7          MR. GORDON:  I don't think you would.
8          THE COURT:  Because if I decide that that is
9  something that should be decided by the STB I'm just going to
10 say send it to the STB and let them worry about it or I'm going
11 to decide this is the kind of issue that's got to be decided as
12 a pure state court issue.  All right.
13         Well, send me two final briefs, one each, within 14
14 days and I will make a decision.
15         MR. WILLIAMS:  That would be the 23rd?
16         THE COURT:  I don't know.  What's today?
17         MR. WILLIAMS:  The 9th.  Twenty-third.
18         THE COURT:  Okay, yeah.  Anything else we need to
19 take up from the Plaintiff?
20         MR. GORDON:  No, sir.
21         THE COURT:  From the Defendant?
22         MR. WILLIAMS:  No, Your Honor.
23         THE COURT:  Just make sure you know what Ms. Long
24 needs as far as the format of those exhibits so that they could
25 be easily downloaded into our electronic system.  Thank y'all

```
 1  for coming.
 2            MR. WILLIAMS:  Thank you, Your Honor.
 3            MR. GORDON:  Thank you, Your Honor.  We appreciate
 4  your courtesy.
 5
 6                    (Proceedings concluded at 6:40 P.M.)
 7                       END OF RECORD
```

1        CERTIFICATE OF OFFICIAL REPORTER

2

3        I, Tammy W. DiRocco, Federal Official Court Reporter,
4   in and for the United States District Court for the Middle
5   District of Georgia, do hereby certify that pursuant to Section
6   753, Title 28, United States Code, that the foregoing is a true
7   and correct transcript of the stenographically reported
8   proceedings held in the above-entitled matter and that the
9   transcript page format is in conformance with the regulations
10  of the Judicial Conference of the United States.

11

12                      Dated this 15th day of February, 2017

13

14                      *Tammy W. DiRocco*

15                      _____
                        Tammy W. DiRocco CCR
16                      Federal Official Court Reporter